(June 16, 1966)

■ MODERN FIBERS, INC., Appellant, v. LOUIS PURO, Respondent. LOUIS PURO, Respondent, v. SAM PURO et al., Appellants.— Order, entered April 4, 1966, unanimously modified, on the law, on the facts, and in the exercise of discretion, without costs or disbursements to any party, to provide that the defendant, Louis Puro, shall have priority of examination before trial to the extent that he may first examine the plaintiff, by its officer, Sam Puro, with respect to all evidence material and necessary in the prosecution of the action and the alleged defense of said defendant, with such examination to be held and completed on dates to be specified in the order hereon; that the examination before trial of the defendant by the plaintiff shall then follow and be held and completed on dates specified in the order to be settled hereon, with such examination limited also to all evidence material and necessary in the prosecution of the action and the alleged defense; that the parties shall produce books, records and documents for use upon their respective examinations pursuant to CPLR 3111; and that, pending the completion of the examinations aforesaid, the examinations before trial with respect to evidence material and necessary solely in the matter of the prosecution and defense of the counter-claims and the examination of the defendants-by-counterclaim shall be held in abeyance; and the order otherwise affirmed. The foregoing disposition of the matter of priority of examination follows substantially the stipulation with which counsel for the plaintiff and the defendant had stated agreement and, insofar as it varies therefrom, the procedure is that suggested by the pertinent provisions of CPLR and pertinent decisions. (See CPLR 3106; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3106.01–3106.07; *Van Valkenburgh, Nooger & Neville,* v. *Rider Publisher,* 24 A D 2d 437; *Tri-State Pipe Lines Corp.* v. *Sinclair Refining Co.,* 22 A D 2d 679; *Pakter* v. *Lilly & Co.,* 19 A D 2d 810.) In the usual course, the defendants-by-counterclaim, if they proceed properly, should be accorded priority with respect to examinations concerning matters

which are material and relevant solely by reason of the allegations of the counterclaims. In any event, at this time when certain defendants-by-counterclaim have not been served with process, certain of them are objecting to the jurisdiction of the court, and issue has not been completely joined on the counterclaims, it is improper to provide for examinations by or of such defendants. Settle order on notice. Concur — Botein, P. J., McNally, Eager, Steuer and Capozzoli, JJ.